## In re Guardianship of Kowalke.

(No. 991—Decided December 20, 1946.)

*Mr. Frank Wiedemann* and *Mr. John Watters,* for appellant.

*Messrs. Moloney & Kelly* and *Mr. William P. Moloney,* for appellee.

Guernsey, J. This is an appeal on questions of law, by Waldo V. Grover as guardian of the person and estate of Mary Kowalke, an incompetent person, from an order of the Common Pleas Court of Marion county, appointing Charles D. Harmon, Jr., his successor as guardian of the person and estate of Mary Kowalke, an incompetent person.

The reason for the dismissal of the appeal, as set forth in the journal entry of the Common Pleas Court, is "that the said Waldo V. Grover, as guardian of the person and property of Mary Kowalke, an incompetent person, is without capacity, to file or to perfect the alleged appeal."

Upon the hearing of the appeal in the Common Pleas Court, all the records of the Probate Court in the matter of the guardianship of Mark Kowalke showing that Waldo V. Grover, by order of the Probate Court, prior to the appointment of Charles D. Harmon, Jr.,

as guardian of the person and estate of Mary Kowalke, and prior to the appeal from the Probate Court to the Common Pleas Court, had been removed as such guardian for the reason that the interests of Waldo V. Grover were adverse to his ward, were admitted in evidence, but the admission of other evidence was refused.

The records referred to, in addition to showing the facts above mentioned, disclose that Waldo V. Grover perfected an appeal from the order of removal, to the Court of Appeals, but that the execution of the order of removal was not stayed pending such appeal, or otherwise. Such records disclose further that Waldo V. Grover, upon the order of the Probate Court, filed his final account as such guardian and turned over all the assets of the ward to the newly appointed guardian. Such records disclose further that Waldo V. Grover was not a relative of Mary Kowalke, or otherwise interested in her person or estate.

The execution of the order of removal, not being stayed pending appeal, became immediately effective to terminate the authority of Waldo V. Grover as such guardian.

From the order of removal, Waldo V. Grover in his individual capacity had the right to and did appeal to this Court of Appeals for the purpose of reversing the same, and as he was not a relative of, or otherwise interested in the person and estate of Mary Kowalke, this was the only right he had in relation to the guardianship.

He was, therefore, without capacity, either as an individual or as guardian of the person and estate of Mary Kowalke, to appeal from the order appointing Charles D. Harmon, Jr., as guardian, made subsequent to the order removing him as such guardian, and

consequently the Common Pleas Court did not err in dismissing his appeal from the order.

In view of the fact that if Waldo V. Grover had, on his appeal from the order of removal, been successful in securing a reversal of such order he would have been entitled to reinstatement as such guardian, to the exclusion of Charles D. Harmon, Jr., as such guardian, his appeal from the order appointing Harmon was wholly ineffective to reserve, protect or secure any legal right to which he might be entitled.

For the reasons mentioned, the judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

MIDDLETON, P. J., and JACKSON, J., concur.